**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA INVENTIONS, LLC,

    Plaintiff,

v.

BESTWAY (USA), INC., BESTWAY (HONG KONG) INTERNATIONAL, LTD.,

    Defendants.

No. C 15-00701 JSW

**ORDER DENYING MOTION TO TRANSFER VENUE**

Now before the Court for consideration is the motion to transfer venue, filed by Defendants Bestway (USA), Inc. ("Bestway USA") and Bestway (Hong Kong) International, Ltd. ("Bestway Hong Kong") (collectively "Bestway"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for June 19, 2015, and it HEREBY DENIES Bestway's motion.

## BACKGROUND

Plaintiff Eureka Inventions, LLC ("Eureka") is located in San Francisco, California. Eureka develops products for the toy industry. (Compl. ¶ 8.) Bestway USA's offices are located in Phoenix, Arizona. (Declaration of Patrizio Fumagalli ("Fumagalli Decl."), ¶ 3.)[1] Mr. Fumagalli is Bestway USA's President and CEO, and his offices also are located in Phoenix, Arizona. (*Id.*, ¶ 2.) Bestway Hong Kong's principal offices are in Hong Kong.

---

[1] Bestway submitted Mr. Fumagalli's declaration with its reply brief. Because Eureka has not filed any objections to this declaration, the Court has considered it.

In August 2013 and in June 2014, Eureka and Bestway entered into two license agreements regarding children's slides (the "Slide Agreement") and 3D viewing systems for above ground pools (the "Pool Agreement") (collectively, the "License Agreements"). (*Id.*, ¶¶ 9-11, Exs. A, B.) On February 13, 2015, Eureka filed this action for declaratory relief, because of various disputes that have arisen relating to the License Agreements. (*Id.*, ¶¶ 10, 12.)

The Slide Agreement contains a "Governing Law" provision, in which Eureka and Bestway "each consent to the venue and jurisdiction of any court located in Maricopa County Arizona[.]" (Compl., Ex. A (Slide Agreement, ¶ 13).) The Governing Law provision in the Pool Agreement provides, in pertinent part, that "[t]he parties each consent to the venue and jurisdiction of any state or federal court located in Arizona. . . . This provision is permissive, not mandatory, and each party reserves the right to bring any action, proceeding, or other matter arising directly or indirectly hereunder against the other party wherever they might be found or might otherwise be subject to jurisdiction." (Compl., Ex. B (Pool Agreement, ¶ 21).)

The Court shall address additional facts as necessary in its analysis.

## ANALYSIS

Bestway moves to transfer this action to the United States District Court for the District of Arizona. Pursuant to 28 U.S.C. section 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice.

A motion to transfer venue under section 1404(a) requires the court to weigh multiple factors to determine whether transfer is appropriate in a particular case. For example, the court may consider: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum. *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). As the moving party, Bestway bears the burden of showing that the inconvenience of litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. & P.S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (noting that to meet this burden requires

2

production of affidavits or declarations identifying key witnesses and anticipated testimony). The forum selection clauses in the License Agreements also are "significant" but not "dispositive" factors in the Court's analysis. *See, e.g., Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 & n.20 (9th Cir. 2000). There is no dispute that Eureka could have sued Bestway in Arizona. Accordingly, the Court weighs the relevant competing factors to determine which forum is appropriate under the circumstances.

**A.    Eureka's Choice of Forum and the Forum Selection Clause.**

A court should give a plaintiff's choice of forum great deference unless the defendant can show that other factors of convenience clearly outweigh the plaintiff's choice of forum. *Decker Coal Co.*, 805 F.2d at 843. There are, however, factors that diminish the deference given to a plaintiff's choice of forum. For example, a court may give less deference to a plaintiff's chosen forum, if plaintiff has agreed to a particular forum by way of a forum selection clause. *See, e.g., Unisys Corp. v. Access Corp., Ltd.*, 2005 WL 3157457, at *5 (N.D. Cal. Nov. 23, 2005) (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3rd Cir. 1995)).

In the Ninth Circuit, "[t]he prevailing rule," with regard to forum selection clauses is "that where venue is specified with mandatory language the clause will be enforced." *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989); *see also Northern Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995) ("To be mandatory, a clause must contain language that clearly designates a forum as the *exclusive* one.") (emphasis added). Applying these principles, each of the forum selection clauses at issue is permissive. Indeed, the Pool Agreement expressly contemplates that the parties could file suit in a court outside of Arizona.

The deference accorded to a plaintiff's chosen forum should be balanced against both the extent of a defendant's contacts with the chosen forum and a plaintiff's contacts, including those relating to a plaintiff's cause of action. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, [a] plaintiff's choice is only entitled to minimal consideration." *Id.*

3

Eureka is based in San Francisco, and it has submitted a declaration from Peter Sgromo, its Lead Management Consultant, who states that he performed a number of services required under the License Agreements in either San Francisco or Los Angeles. (Declaration of Peter Sgromo ("Sgromo Decl."), ¶¶ 1, 5.) Bestway in turn submits the Fumagalli declaration, in which Mr. Fumagalli attests that services related to the License Agreements were performed in Arizona and elsewhere. The Court has considered the impact of the forum selection clauses, which do show that Eureka agreed that it would be convenient to litigate in Arizona. However, in the Pool License Agreement, the parties expressly reserved the right to litigate elsewhere.

Therefore, notwithstanding the forum selection clauses, given Eureka's connection to the Northern District of California, and the fact that at least some of the services relating to the License Agreements took place in San Francisco, the Court concludes that Eureka's chosen forum is entitled to some deference.

**B.     Convenience of the Witnesses and Parties**.

In addition to considering Eureka's choice of forum, the Court considers the relative convenience to all the parties involved in the lawsuit of the competing forums when deciding a motion to transfer. *Gulf Oil*, 330 U.S. at 508. The convenience of witnesses is often the most important factor in resolving a motion to transfer. The trial court looks at who the witnesses are, where they are located, and the relevance of their testimony. *A.J. Industries, Inc. v. United States District Court*, 503 F.3d 384, 389 (9th Cir. 1974).

On reply, Bestway submitted evidence to show that several witnesses, who are Bestway employees, reside Phoenix, Arizona. (Fumagalli Decl., ¶¶ 12-13.) According to Bestway, other party-affiliated witnesses are located in Los Angeles or Hong Kong. (*Id.*) In contrast, Eureka submits evidence that third party witnesses are located in San Francisco or Los Angeles. "[T]he convenience of party witnesses is a factor to be considered[.]" *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (quoting *Aquatic Amusement Assocs. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D. N.Y. 1990)) (internal quotation marks omitted). However, "the convenience of non-party witnesses is the more important factor." *Id.* Further, convenience of a litigant's employee witnesses are entitled to little weight because litigants are

4

able to compel their employees to testify at trial, regardless of forum. *See STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal.1998). Based on the record, the convenience of the witnesses and parties weighs against transfer.

**C.     Familiarity of the Forum With the Applicable Law.**

The License Agreements provide that they are to be interpreted and construed in accordance with Arizona law, although Bestway does not argue that there is any significant difference between California and Arizona law on contracts. This factor weighs slightly in favor of transfer.

**D.     Ease of Access to Evidence.**

Access to sources of proof is another factor that favors transfer. *Gulf Oil*, 330 U.S. at 508. The parties present competing information about where documents relevant to the case are located. Bestway *argues* that it would be required to produce large scale products, which are located in Arizona, but it does not provide any evidence to support that argument. In addition, "[w]ith technological advances in document storage and retrieval, transporting documents generally does not create a burden." *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007). This factor weighs against transfer or, at best, is neutral.

**E.     Relative Congestion.**

Another factor courts consider is the relative court congestion in each forum. Neither party has presented evidence addressing this factor.

When the Court considers all of the factors, it concludes that they weigh against transfer.

## CONCLUSION

For the foregoing reasons, the Court DENIES Bestway's motion to transfer venue.

**IT IS SO ORDERED.**

Dated: May 27, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5