UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUREKA INVENTIONS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BESTWAY (USA), INC., et al.,<br><br>Defendants. | Case No. 15-cv-00701-JSW<br><br>**ORDER TO SHOW CAUSE AND VACATING BRIEFING SCHEDULE AND HEARING PENDING FURTHER ORDER OF THE COURT; RESERVING RIGHT TO REFER MOTION**<br><br>Re: Dkt. No. 37 |

On March 18, 2020, Pietro Pasquale Antonio Sgromo ("Mr. Sgromo") filed a motion to enforce a settlement agreement entered in this case following a settlement conference before Magistrate Judge Donna M. Ryu. On October 28, 2015, the parties stipulated to dismiss this case. On November 9, 2015, the Court approved that stipulation. The Order approving the stipulation and dismissing the case does not state that the Court would retain jurisdiction to enforce the settlement agreement. Although the parties' stipulation referred to the Settlement Agreement, pursuant to which they apparently agreed the Court would retain jurisdiction, the parties did not submit a copy of the Settlement Agreement as an exhibit to the stipulation and did not specifically refer to its terms. (*See* Dkt. Nos. 35, 36.)

"Federal courts are courts of limited jurisdiction," and "[i]t is to be presumed that a cause lies outside this limited jurisdiction" unless otherwise shown. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In *Kokkonen*, the Supreme Court held that "[i]f parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so," by stating in the dismissal that the court would retain jurisdiction or by incorporating the terms of the settlement agreement in the order. *Id.* (emphasis added/in original). "Absent such

1  action, however, enforcement of the settlement agreement is for state courts, *unless there is some independent basis for federal jurisdiction.*" *Id.* at 381-82 (emphasis added).

Although the stipulation refers to the settlement, that alone is not sufficient to incorporate the terms of the parties' agreement into the dismissal. *See, e.g., Kokkonen*, 511 U.S. at 381 ("The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order."); *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (dismissal order stating it was "based on" settlement not sufficient to confer jurisdiction, even where settlement was filed with the court); *Situ v. Wong*, No. 13-cv-05102 JD (NJV), 2015 WL 433477, at *2 (N.D. Cal. Jan. 29, 2015).

Although the parties may have intended for the Court to retain jurisdiction, their agreement "is not binding on the [C]ourt." *Arata v. NuSkin Int'l., Inc.*, 96 F.3d 1265, 1269 (9th Cir. 1996) (citing cases); *see also Situ*, 2015 WL 433477, at *2. As noted in *Kokkonen*, "compliance with the terms of the settlement contract (or the court's 'retention of jurisdiction' over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order." 511 U.S. at 381 (emphasis added). By its terms, the Court did not retain jurisdiction over this matter in the dismissal, and the parties did not incorporate the terms of the Settlement Agreement into the dismissal.

Accordingly, Mr. Sgromo is HEREBY ORDERED TO SHOW CAUSE why the Court has jurisdiction to consider his motion. Mr. Sgromo's response to this Order to Show Cause shall be due by April 6, 2020. Any interested party may file a response to Mr. Sgromo's jurisdictional argument by April 20, 2020, and Mr. Sgromo may file a reply by April 27, 2020. The Court will resolve that issue on the papers. The Court VACATES the briefing schedule and the hearing on the motion to enforce. If it has jurisdiction, the Court reserves the right to refer the motion to Magistrate Judge Ryu for a report and recommendation.

**IT IS SO ORDERED.**

Dated: March 23, 2020

JEFFREY S. WHITE
United States District Judge

2